**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 11-2185
_____

DE MING LIAN,
                                   Petitioner

v.

ATTORNEY GENERAL OF THE UNITED STATES
_____

On Petition for Review of an Order of the
Board of Immigration Appeals
(Agency No. A078-854-067)
Immigration Judge:  Honorable Susan G. Roy
_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
January 25, 2012
Before:  SLOVITER, GREENAWAY, JR., and COWEN, <u>Circuit Judges</u>

(Opinion filed : January 27, 2012 )
_____

OPINION
_____

PER CURIAM

        De Ming Lian, a citizen of China, arrived in the United States in November 2001.

He was charged as inadmissible as an arriving alien not in possession of a valid entry

document and for misrepresenting a material fact to procure an immigration benefit.  The

government later dropped the fraud charge.  A.R. at 111.  Lian conceded inadmissibility

1

on the remaining charge. He applied for asylum, withholding of removal, and relief under the Convention Against Torture (CAT). He argued that he was or would be persecuted in China based on (1) his wife being forced to wear an IUD; (2) his other resistance to family planning policies; and (3) his Christian beliefs. After a hearing, the IJ found Lian not credible and denied relief. The IJ also concluded that Lian's allegations would not entitle him to relief even if he had been found credible. The BIA affirmed the IJ's decision without an opinion. Lian filed a petition for review.

We have jurisdiction pursuant to 8 U.S.C. § 1252. To establish eligibility for asylum, Lian needed to demonstrate either past persecution or a well-founded fear of future persecution on account of race, religion, nationality, membership in a particular social group, or political opinion. See Wang v. Gonzales, 405 F.3d 134, 138-39 (3d Cir. 2005). To establish eligibility for withholding of removal, he needed to demonstrate that it was more likely than not that his life or freedom would be threatened in China on account of a protected ground. Wang, 405 F.3d at 139; 8 U.S.C. § 1231(b)(3)(A). To be eligible for withholding of removal under the Convention Against Torture, Lian needed to demonstrate that it is more likely than not that he would be tortured if removed to China. 8 C.F.R. § 1208.16(c)(2).

We review the BIA's factual determinations under the substantial evidence standard. Dia v. Ashcroft, 353 F.3d 228, 249 (3d Cir. 2003) (en banc). The BIA's findings are considered conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary. 8 U.S.C. § 1252(b)(4)(B). We exercise de novo review over the BIA's legal decisions. Toussaint v. Att'y Gen., 455 F.3d 409, 413 (3d Cir. 2006). If

2

the BIA affirms the IJ's decision without an opinion, we review the IJ's decision as the final administrative determination. Huang v. Att'y Gen., 620 F.3d 372, 379 (3d Cir. 2010).

Lian challenges the adverse credibility finding and argues that he has shown a well-founded fear of persecution based on a fear of forced sterilization. He also contends that he is eligible for withholding of removal and CAT relief. However, many of his arguments are unexhausted.

Under 8 U.S.C. § 1252(d)(1), we may review a final order of removal only if the petitioner has exhausted all administrative remedies. In his short brief before the BIA, Lian did not challenge the IJ's adverse credibility finding. He argued only that he had shown other resistance by pleading with the family planning officials to remove his wife's IUD and by being shoved, kicked, and beaten as a result. He also contended that he qualified for withholding of removal based on his new-found practice of Christianity.[1] A.R. at 4-10. Thus, he did not exhaust any challenge to the adverse credibility finding; nor did he exhaust any claim based on a fear of forced sterilization or for relief under the CAT. We therefore lack jurisdiction to consider these claims. Abdulrahman v. Ashcroft, 330 F.3d 587, 594-95 (3d Cir. 2003).

Moreover, even assuming Lian was credible, we agree with the IJ that the beating Lian allegedly received for his other resistance to the family planning policies did not rise to the level of persecution. Lian testified that he was punched two or three times which

---

[1] Lian now admits that the evidence in support of his religious persecution claim is lacking. Brief at 1.

resulted in only bruises. A.R. at 224-25. When asked why he had not mentioned this incident before the hearing, Lian conceded that it was not that serious. A.R. at 227-28. Lian has not shown that the record compels a finding of past persecution or a well-founded fear of persecution based on his other resistance to family planning policies.

For the above reasons, we will deny the petition for review.